IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:91-CR-92-1H
No. 4:13-CV-26-H

ENERVA W. TROTMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The petitioner has responded. Also before the court is petitioner's motion for discovery and motion to supplement. These matters are ripe for adjudication.

## BACKGROUND

On November 5, 1991, petitioner was indicted on several counts of controlled substance and firearm offenses. Petitioner agreed to assist the government following his arrest, but absconded from custody until he was re-arrested in 2006. On January 27, 2009, a jury convicted petitioner on all counts. This court sentenced petitioner to a combined prison term of 420 months, which included

a 60-month consecutive sentence for a violation of 18 U.S.C. § 924(c). On appeal, the Fourth Circuit vacated three counts of conviction based on the court's admission of laboratory reports when the testifying chemist did not personally perform the tests on the controlled substances at issue.

On remand, this court re-sentenced petitioner to 420 months imprisonment on October 11, 2011. Petitioner again appealed his sentence, which was affirmed by the Fourth Circuit on June 22, 2012. Petitioner filed the instant § 2255 motion on February 4, 2013.

### COURT'S DISCUSSION

Petitioner raises the following issues in his § 2255 motion: that his counsel was ineffective for (1) failing to investigate, locate and call a purportedly exculpatory witness as to a particular incident; (2) making a statement at trial explaining petitioner's statement; and (3) failing to request "independent testing" of the controlled substances at issue. Petitioner also alleges that the court erred in calculating his guideline range at re-sentencing when it adopted the findings of the presentence report.

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is

2

a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court finds that petitioner's motion is without merit for the reasons stated in the government's memorandum in support of its motion to dismiss as well as for the reasons below.

The first three of petitioner's complaints against his counsel constitute decisions of trial strategy. Courts must make "every effort . . . to eliminate the distorting effects of hindsight," Strickland, 466 U.S. at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). As detailed

3

in the government's memorandum in support of its motion to dismiss, each of the decisions was a reasonable exercise of trial strategy.

As to petitioner's final claim—one on the offense level calculated by the court and the sentence resulting therefrom, the court finds these issues have already been addressed on his direct appeal. While petitioner argues he is making a different argument, a thorough reading of his motion as well as the Fourth Circuit's opinion this matter lead to the conclusion that he is attempting to relitigate the same issues again. A petitioner may not use a section 2255 motion to attack collaterally a question or issue already decided on direct appeal. See Bockenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss is GRANTED and petitioner's § 2255 motion is DISMISSED. Defendant's motion for discovery [#214] and motion to supplement [DE #215] are denied. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise

4

debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 *(2000)*; Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 24th day October 2013.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

5